# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KELVIN JAMES TAYLOR**  PETITIONER

**V.**  NO. 4:15-CV-00135-DMB-SAA

**UNITED STATES OF AMERICA**  RESPONDENT

## ORDER OF DISMISSAL

Kelvin James Taylor has filed a *pro se* "Motion to Suppress Evidence," which the Court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court finds that the petition should be dismissed.

### Factual Background

On or about February 3, 2012, the United States Marshals Service executed a state-issued arrest warrant against Taylor on a charge of capital murder. Taylor claims that at the time of his arrest, the Marshals Service confiscated a vehicle, a pistol, powder cocaine, and marijuana. Thereafter, Taylor was convicted of capital murder, and his direct appeal is pending with the Mississippi Court of Appeals. *See Taylor v. Mississippi*, Cause No. 2015-KA-00215-COA (available at https://courts.ms.gov/appellate_courts/generaldocket.html) (last visited October 13, 2015).

In September 2015, Taylor initiated this federal proceeding, filing two separate "Motion[s] to Suppress Evidence" in an attempt to challenge the arrest warrant issued against him. Docs. # 1 & #4. Subsequently, he filed a motion seeking to clarify his arguments, maintaining that the United States Marshals Service placed a detainer on him with the Mississippi Department of Corrections on April 30, 2015, and seeking to challenge any charges that he may face as a result of

that detainer. *See* Doc. #7.

**Legal Standard**

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

There is no exhaustion of remedies for purposes of federal habeas review if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As Taylor concedes, he has failed to exhaust his state court remedies with regard to his capital murder conviction, and he cannot currently challenge that conviction – or the arrest warrant leading to that conviction – in a federal habeas proceeding.

Additionally, while Taylor has not informed the Court of the charge(s) that resulted in the detainer that he maintains is on file with the Mississippi Department of Corrections, the Court notes that he cannot seek federal habeas relief under 28 U.S.C. § 2254 to challenge a federal charge, as an action filed under § 2254 challenges an individual's "custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Nor would it benefit Taylor for the Court to construe his filings under the general federal habeas statute, 28 U.S.C. § 2241, as a petition

brought under that section merely "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## Conclusion

This action is **DISMISSED without prejudice**. All pending motions in this matter are **DISMISSED as moot**. A separate final judgment in accordance with this order will issue.

**SO ORDERED,** this 15th day of October, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**